# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>CHRISTOPHER KENNEDY,<br><br>　　　　　　　　　　Defendant. | Case No. 19-cr-03985-BAS-2<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (ECF No. 55)** |

On May 13, 2020, this Court sentenced Defendant to thirty-seven months in custody following his conviction for possession of methamphetamine with intent to distribute. (ECF No. 45.) Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for compassionate release. (ECF No. 55 ("Motion").) The Government opposes (ECF No. 59 ("Opposition")), and Defendant replies (ECF No. 63 ("Reply"). For the reasons stated below, the Court **DENIES** the Motion.

## I.　BACKGROUND

On August 23, 2019, Defendant was found at the Vista Courthouse in possession of a backpack containing 32.19 grams of heroin and 26.16 grams of methamphetamine along with "pay and owe" sheets. (Presentence Report, ECF No. 31 ("PSR") ¶¶ 4–19.) Defendant has a prior criminal record that includes three theft-related convictions (at least one was a residential burglary) and numerous drug-related convictions (at least one

involves driving under the influence).  (PSR ¶¶ 39–45.)  He was on probation at the time of this offense.  (*Id.*)

Defendant seeks compassionate release arguing that the Bureau of Prisons ("BOP") has failed to adequately monitor his kidney function after a previous acute kidney failure in 2018 and failed to provide him treatment for his Hepatitis C.  (Motion.)  In fact, defendant did suffer from kidney failure in 2018.  However, the failure was not the result of any chronic illness or kidney or liver disease.  (Motion, Exh. C.)  When suffering from heroin withdrawals, he complained of seizures.  (*Id.*)  Despite being prescribed anti-seizure medications, Defendant failed to take these prescribed medications and then suffered a seizure.  (*Id.*)  There is no evidence he has suffered any additional seizures, renal failure, or kidney/liver disease since then.  (*Id.*)  On March 24, 2021, BOP test results show that his kidney and liver function is normal.  (Motion, Exh. A.)  Additionally, Defendant's medical expert concludes that Defendant's Hepatitis C should be treated "[a]lthough this is not urgent."  (*Id.*)

Although the Government maintains Defendant has received a Pfizer COVID-19 vaccine, the Court has been unable to locate medical records confirming that representation.[1]  However, Defendant seems to concede that he has been vaccinated.

Defendant is scheduled to be released to a residential reentry center ("RRC") with drug treatment on November 22, 2021.  (Opposition, Exh. 1.)

Defendant submits evidence that he requested compassionate release from the facility where he is being housed on October 18, 2020.  (Motion, Exh. H.)  The Warden denied the request ten days later.  (Motion, Exh. I.)  Defendant appealed this decision, and the appeal was rejected.  (Motion, Exh. J.)  Thus, the matter is ripe for determination.

//
//
//

---

[1] The Government references Motion, Exh. G, at pg. 9, which does not mention any COVID-19 vaccine.

## II.   ANALYSIS

### A.   Extraordinary and Compelling Reasons

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 825–26 (2010). A narrow exception, compassionate release, allows a court to modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

Unfortunately, Congress provided no statutory definition of "extraordinary and compelling reasons" and instead delegated that responsibility to the U.S. Sentencing Commission. *See United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021). Due to vacancies in the Sentencing Commission, the Commission has been unable to update its definition of "extraordinary and compelling reasons" following passage of the First Step Act that amended § 3582(c)(1)(A). *Id.* at 800 n.1. Nonetheless, the Sentencing Commission's original policy statements, although not binding, may inform the district court's decision as to whether certain conditions are extraordinary and compelling. *Id.* at 802.

In the Application Notes, the Sentencing Commission gives examples of extraordinary and compelling reasons, including that the defendant is:

(I)    suffering from a serious physical or medical condition;

(II)   suffering from a serious functional or cognitive impairment; or

(III)  experiencing deteriorating physical or mental health because of the aging process,

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13(1)(A)(ii), Application Note 1(A)(ii).

Mr. Kennedy fails to demonstrate extraordinary and compelling reasons for his release. He does not demonstrate that he suffers from a serious physical or medical condition. In fact, tests in March 2021 demonstrate that his kidney and liver function is normal and his expert states that, although his Hepatitis C should be treated, this is not urgent. (Motion, Exh. A.) Although Mr. Kennedy argues that he has received substandard care while in custody, the evidence he submits is insufficient to support this claim. Finally, it appears that Mr. Kennedy has been vaccinated against COVID-19 and thus the risk of COVID has been reduced. Defendant has not demonstrated that he requires immediate release as opposed to waiting two months for his release to an RRC.

### B. Section 3553(a) Factors

This is not Mr. Kennedy's first brush with the criminal justice system. Previous terms of incarceration have failed to deter his criminal conduct. Furthermore, he has committed prior thefts and driven while under the influence of a controlled substance. Incarceration is thus necessary to deter Defendant from committing crimes in the future and to protect the public from any further crimes. Additionally, Defendant desperately needs adequate, supervised drug treatment. Through no fault of his own, owing to the COVID-19 epidemic, he has been unable to access drug treatment while in custody. Although he provides information about a drug treatment program he would like to enter, Mr. Kennedy's appropriate treatment would be better served by allowing Probation to locate an RRC and investigate the appropriate drug treatment for Mr. Kennedy before his release. Thus, the Section 3553(a) factors weigh in favor of keeping Mr. Kennedy for the additional two months in custody.

## III. CONCLUSION

For the reasons stated above, Defendant's Motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 55) is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 30, 2021

Hon. Cynthia Bashant
United States District Judge